McCORRISTON MILLER MUKAI MacKINNON LLP

LORRAINE H. AKIBA    2903-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 529-7300
Facsimile: (808) 524-8293
E-mail: Akiba@m4law.com

Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTERS TRUST FUNDS

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAY 18 2011
at __ o'clock and 00 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Audrey Hidano, Henry Iida, Glen Kaneshige, Thomas Toma, Elmer Cabico, Paul C.K. Chang, Ronald Taketa, Clifford Respicio, Russell Young, Mitchell Tynanes, Eric Hashizume, Lance Yoshimura; Keith Hirota and George Ehara; *Apprenticeship & Training Fund by its trustees* Dale Sakamoto-Yoneda, Conrad Murashige, Ronald Taketa, Lance Yoshimura, Dean Takahashi, Thomas Toma, Claude Matsumoto, Wil Ideue, Duke Lang, Terry Ikeda, John Bley and John Pitts; *Vacation & Holiday Fund by its trustees* Wil Ideue, Gerard Sakamoto, Paul Sasaki, Jay Kadowski, James Watanabe, Jon Tesoro, Curtis Kern, Michael Cadaoas, Alfred Dela Cruz, Lani Smithson, Paul Silen Shayne Chung, Lance Yoshimura and Christian Tackett; *Market Recovery Program by its trustees* | CIVIL NO. CV 11-00125 SOM-BMK<br><br>FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT ELIMA ENGINEERING<br><br>Hearing:<br>Date: May 6, 2011<br>Time: 10:00 a.m.<br>Judge: Barry M. Kurren<br><br>TRIAL DATE: None |

246930.1

Thalia Choy, Alan Shintani, Steven Hidano, Gerard Sakamoto, Mark Kapahu, Willie Maglinti, Leonard Hoshijo, Lance Yoshimura, Peter Robb, Bill Wilson, Lance Inouye, Craig Fukuda and Darren Ho; *Financial Security Fund by its trustees* Gordon L. Scruton, Lance Wilhelm, Conrad Murashige, Kenneth Sakurai, Loyce C. Morris, Ronald Taketa, Kenneth Spence, Michael Hawes, Kealii B. Flood, Malvin Ang, Lance Yoshimura, Alan Shintani, Gerry Majkut and Mark Luna; *Drywall Training Fund by its trustees* Glenn Young, Justin Kichi, Myles Hokama, Clyde Takatsuki, Karl Sinclair, Lito Alcantra, Denis Mactagone, William Maglinti, Jr., Raynard (Shayne) Chung, Reynaldo Tabura, Bert Beaman, Mike Goodnight; 401-*K Fund by its trustees* Gordon Scruton, Conrad Murashige, Kenneth Sakurai, Lance Wilhelm, Loyce C. Morris, Malvin Ang, Ronald Taketa, Lance Yoshimura, Kenneth Spence, Michael Hawes, Kealii B. Flood, Alan Shintani, Gerry Majkut and Mark Luna

     Plaintiffs,

 vs.

ELIMA ENGINEERING; JOHN DOES 1-100; JANE DOES 1-100; DOE CORPORATIONS 1-100; DOE PARTNERSHIPS 1-100; DOE ENTITIES 1-100; DOE GOVERNMENTAL UNITS 1-100,

     Defendants.

# FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT ELIMA ENGINEERING

On March 1, 2011, Plaintiffs, Trustees of the Hawaii Carpenters Trust Funds (hereinafter referred to as "Plaintiffs" or "Trust Funds"), by and through their attorneys, McCorriston Miller Mukai MacKinnon LLP, filed this action for damages against Defendant Elima Engineering (hereinafter "Defendant"), alleging that Defendant materially breached its collective bargaining and trust agreements (hereinafter referred to as the "CBA") entered into by Defendant and the United Brotherhood of Carpenters and Joiners of America, Local 745, AFL-CIO (hereinafter referred as the "Union"). The Trust Funds' claim that Defendant failed to contribute and pay to the Trust Funds certain employee benefit contribution arising from work performed by Defendant's covered employees, which amounts should be paid to the Trust funds on or before the due dates as specified in the CBA and disclosed by an audit of Defendant's payroll records conducted in accordance with the terms of the CBA.

Jurisdiction of this Court is based on the Labor-Management Relations Act of 1947, as amended (29 U.S.C. Section 185(a)) and the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C. Sections 1132 and 1145).

Service of process was made on Defendant on March 7, 2011 as is evidenced by the Return of Service filed herein on March 14, 2011. The clerk entered default against Defendant on March 30, 2011.

On April 1, 2011, the Trust Funds filed a motion for default judgment against Defendant, seeking to recover a money judgment for contributions owed and including liquidated damages and with additional per diem interest until satisfaction of judgment, and attorneys' fees and costs to date, including fees for the attendance at the hearing for the Motion for Entry of Default Judgment and finalization for the order and judgment thereafter from the Defendant, without prejudice to the Trust Funds to seek other and further damages from the Defendant arising from unaudited hours worked by Defendant's employees. The Trust Funds also sought an award of attorney's fees in accordance with the terms of the CBA and in accordance with 29 U.S.C. § 1132(g)(2)(D). The Trust Funds'

Motion for Default Judgment by Court came on for hearing on May 6, 2011 before the undersigned United States Magistrate Judge, due notice of said hearing having been provided to Defendant. Lorraine H. Akiba appeared on behalf of the Trust Funds. Defendant failed to appear and/or respond to the Trust Funds' Motion for Default Judgment.

**FINDINGS**

Having reviewed the Trust Funds' Motion for Default Judgment, the attached declaration of Lorraine H. Akiba, and the exhibits thereto, on behalf of the Trust Funds, and the record established in this action, this Court finds as follows:

1. At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§ 186) and a multi-employer employee benefit plan within the meaning of the Employee

Retirement Income Security Act (29 U.S.C. § 1002).

2. Defendant is a Hawaii corporation doing business in the State of Hawaii.

3. On or about May 29, 2007, Defendant made, executed and delivered to the United Brotherhood of Carpenters & Joinders of America, Local 745, AFL-CIO (hereinafter referred to as the "Carpenters Union"), a certain written collective bargaining agreement, effective to and including August 31, 2012 entitled "Certification of Receipt and Acceptance Master Agreement Covering Carpenters in the State of Hawaii and Declaration of Trust Agreements Appurtenant thereto" a copy of which is attached to the Complaint filed herein as Exhibit "A" and made a part hereof by reference, by which Defendant agreed to the terms and conditions of the Special Residential Agreement, and the various Trust Agreements establishing each of Plaintiffs' trusts (the "CBA").

4. Under the terms of the CBA, Defendant promised to contribute and pay to the Trust Funds certain employee benefit trust fund contributions arising from hourly work performed by Defendant's covered employees.

5.   In accordance with the terms of the CBA, Defendant promised to submit timely reports to the Trust Funds reporting hours worked by Defendant's covered employees and to permit audits of their payroll records to allow Plaintiffs to ascertain whether all contributions due had been paid.

6.   In accordance with the terms of the CBA, Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by the CBA, for each delinquency as and for liquidated damages and not as a penalty.

7.   In accordance with the terms of the CBA and 29 U.S.C. § 1132(g)(2), the Trust Funds are entitled to recover liquidated damages in a sum equal to 20% of delinquent trust fund contributions not received in accordance with the payment deadlines set forth in the CBA.

8. Under terms of the CBA and 29 U.S.C. § 1132 (g)(2), the Trust Funds are entitled to recover interest from Defendant at the rate of twelve percent (12%) per annum on any unpaid trust fund contributions.

9. Based on information obtained, there is now known to be due, owing and unpaid to Plaintiffs from Defendant, contributions and liquidated damages as follows:

> Delinquent trust fund contributions for period
> April 2009 through January 2010 .......................$22,324.09
>
> Liquidated damages for period April 2009 through
> January 2010 ......................................................$3,556.54
>
> 12% Interest ........................................................$643.21
>
> 401 (k) Interest ....................................................$14.11
>
> Attorneys' fees and costs......................................$4,629.70
>
> TOTAL ...............................................................$31,167.65

together with additional interest at a per diem rate of twelve percent (12%) until judgment is satisfied.

10. Defendant's obligations to the Trust Funds to pay trust fund contributions are continuing obligations and Defendant may accrue and owe additional trust fund contributions, lost earnings, and liquidated damages up to the time of trial or proof.

11. Under the terms of the CBA, Defendant promised that if the Trust Funds brought legal action to enforce the agreement against Defendant, Defendant would pay all of the Trust Funds court and audit costs and reasonable attorneys' fees.

12. Defendant breached the CBA by its continuous failure to pay and transmit employee benefit trust fund contributions to the Trust Funds.

13. The Trust Funds are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise, arising from work performed Defendant's employees both before and after April 2011.

14. As fiduciaries, Plaintiff trustees have standing under 29 U.S.C. § 1132(a)(3) and § 1145 to bring this action in this court to seek redress for violations of terms of the plan and to enforce the terms of the plan by obtaining appropriate relief from this court. Section 502(e) of ERISA grants exclusive jurisdiction to the district courts to hear "civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, [or] fiduciary." 29 U.S.C. § 1132(e)(1).

15. An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145.

16. This Court reviewed the billing records of Plaintiffs' counsel and the declarations filed in support of Plaintiffs' motion. Upon said review, this Court finds additional attorneys' fees in the total amount of $438.00 to date, including fees for the attendance at the hearing for the Motion for Entry of Default Judgment and finalization of the order and judgment thereafter to be reasonable, necessarily incurred, and directly related to the services provided herein.

## **RECOMMENDATION**

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that Default Judgment in favor of Plaintiffs Trustees of the Hawaii Carpenters Trust Funds and against Defendant for the recovery of damages in the amount of $22,324.09, inclusive of liquidated damages in the amount of $3,556.54, 12% Interest in the amount of $643.21 and 401(k) Interest in the amount of $14.11 until satisfaction of judgment, and attorneys' fees and costs in the amount of $4,629.70 to date,

including fees for the attendance at the hearing for the Motion for Entry of Default Judgment and finalization of the order and judgment thereafter from the Defendant, without prejudice to the Trust Funds to seek other and further damages from the Defendant arising from unaudited hours worked by Defendant's employees both before and after April 2011.

DATED: Honolulu, Hawaii, 5-15-2011.

_____
BARRY M. KURREN
United States Magistrate Judge

---

*Hawaii Carpenters Trust Funds vs. Elima Engineering*, Civil No. 11-1-00124 SOM-BMK; PROPOSED FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT ELIMA ENGINEERING